# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ROBERT GREEN

### DEFENDANTS
SUGARHOUSE HSP GAMING LP D/B/A RIVERS CASINO PHILADELPHIA

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mary Kramer; Murphy Law Group, LLC; Eight Penn Center, Suite 2000, 1628 John F. Kennedy Blvd., Philadelphia, PA 19103; 267-273-1054

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**TORTS**
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [x] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
American with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., and Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq.
Brief description of cause:
Disability discrimination and retaliation and FMLA interference and retaliation

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: May 1, 2025

SIGNATURE OF ATTORNEY OF RECORD: /s/ Mary Kramer

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: 1001 N. Delaware Ave. Philadelphia, PA 19125

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit? Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☒ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief  *see certification below*
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B. Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury (*Please specify*):_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____
    _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------------
ROBERT GREEN                                    :
823 South 60th Street                           :
Philadelphia, PA 19143                          :
                                                :      Civil Action No.: _____
                    Plaintiff,                  :
                                                :
        v.                                      :
                                                :      **JURY TRIAL DEMANDED**
SUGARHOUSE HSP GAMING LP                        :
D/B/A RIVERS CASINO PHILADELPHIA                :
1001 North Delaware Avenue                      :
Philadelphia, PA 19125                          :
                                                :
                    Defendant.                  :
---------------------------------------------------------------

## COMPLAINT – CIVIL ACTION

Plaintiff, Robert Green ("Plaintiff"), by and through his undersigned counsel, for his Complaint against Sugarhouse HSP Gaming LP d/b/a Rivers Casino Philadelphia ("Defendant"), alleges as follows:

## INTRODUCTION

1.      Plaintiff initiates this action contending Defendant violated the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, by terminating Plaintiff because of his actual and/or perceived disability, because of his past record of impairment, and in retaliation for requesting a reasonable accommodation in connection thereto, in violation of the ADA.[1]

3.      Plaintiff further brings this action contending Defendant violated the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*, by unlawfully interfering with Plaintiff's

---

[1] Plaintiff intends to amend this Complaint to add a claim under the Philadelphia Fair Practices Ordinance ("PFPO") when it ripens.

Page **1** of **11**

FMLA rights and benefits as well as by unlawfully terminating Plaintiff's employment in retaliation for attempting to exercise his rights under the FMLA.

## PARTIES

4. Plaintiff Robert Green is a citizen of the United States and Pennsylvania and currently maintains a residence at 823 South 60th Street, Philadelphia, PA 19143.

5. Upon information and belief, Sugarhouse HSP Gaming LP d/b/a Rivers Casino Philadelphia is a for-profit company organized and existing under the laws of the State of Delaware and registered as a foreign limited partnership in the Commonwealth of Pennsylvania with a registered office address and principal place of business located at 1001 North Delaware Avenue, Philadelphia, PA 19125.

## JURISDICTION AND VENUE

6. Paragraphs 1 through 5 are hereby incorporated by reference as though the same were fully set forth at length herein.

7. On or about July 23, 2024, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dual-filed with the Philadelphia Commission on Human Relations ("PCHR"), thereby satisfying the requirements of 42 U.S.C. §§ 2000e5(b) and (e), and 43 P.S. § 959(a). Plaintiff's EEOC charge was docketed as EEOC Charge No. 530-2024-07852. Plaintiff's EEOC charge was filed within one-hundred and eighty (180) days of the unlawful employment practice.

8. By correspondence dated March 27, 2025, Plaintiff received a Notice of Right to Sue from the EEOC regarding his Charge, advising him that he had ninety (90) days to file suit against Defendant.

9. Plaintiff filed the instant action within the statutory time frame applicable to his claims.

10. Plaintiff has therefore exhausted his administrative remedies and has complied with all conditions precedent to maintaining this action.

11. This action is authorized and initiated pursuant to the ADA and the FMLA.

12. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343 as well as it is a civil rights action arising under the laws of the United States.

13. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as Defendant resides in this judicial district and does business herein, and the unlawful practices of which Plaintiff is complaining were committed in this judicial district.

## FACTUAL ALLEGATIONS

14. Paragraphs 1 through 13 are hereby incorporated by reference as though the same were fully set forth at length herein.

15. Plaintiff began his employment with Defendant on or about December 31, 2015, in the position of Security Guard.

16. During his employment, Plaintiff was promoted to the position of Table Games Floor Supervisor.

17. By way of background, Plaintiff suffers from diabetes and high blood pressure.

18. Diabetes and high blood pressure constitute disabilities within the meaning of the ADA in that they severely limit one or more major life activities.

19. As a result, beginning in or around 2022, Plaintiff requested a reasonable accommodation in the form of intermittent medical leave under the Family and Medical Leave Act ("FMLA").

20. On or about May 5, 2023, Plaintiff's intermittent medical leave renewed, and he was permitted two "events" per week.

21. By further way of background, pursuant to Defendant's policy, an "event" equated to one call out, regardless of the duration of time the call out was for.

22. Furthermore, when using his intermittent medical leave, Plaintiff was required to contact his supervisors prior to contacting Defendant's third-party benefits coordinator, Met Life.

23. Despite utilizing his intermittent medical leave within the parameters allotted to him, when contacting Defendant's Shift Supervisor, Dominic LNU (Last Name Unknown), Plaintiff would be marked as either using a sick day or as a no-call no-show.

24. Furthermore, Plaintiff would receive attendance points for utilizing his intermittent medical leave.

25. Upon information and belief, Dominic LNU purposely failed to mark Plaintiff's absences appropriately, as Dominic LNU would frequently tell Plaintiff, "There's nothing wrong with you."

26. Additionally, when Plaintiff would follow-up with Dominic LNU, and ask that he make sure Plaintiff's leave was attributed to Plaintiff's intermittent medical leave, Dominic LNU would state, among other things, "I've been doing this for 25 years" in reply.

27. Abruptly, on or about February 19, 2024, Plaintiff received a call from his other Shift Supervisor, Maritza Lewis ("Ms. Lewis"), and was told he was being terminated from employment with Defendant.

28. Specifically, Ms. Lewis said the call was directed by Defendant's Human Resources Department, and the only information provided to her was "[Plaintiff's] employment has to be separated."

29. The reason Plaintiff was given for his termination was that he allegedly violated Defendant's attendance policy.

30. Notably, during his termination, Ms. Lewis made multiple references to Met Life and inquired whether Plaintiff had resolved any issues with Met life regarding his intermittent medical leave.

31. Upon information and belief, following Plaintiff's termination from employment, Defendant held a long meeting with Defendant's management regarding medical leave under the FMLA.

32. As such, it is believed, and therefore averred, Defendant terminated Plaintiff's employment because of his actual and/or perceived disabilities, because of his past record of impairment, and in retaliation for his request(s) for an accommodation in connection thereto, in violation of the ADA.

33. It is further believed and averred that Defendant terminated Plaintiff's employment because he attempted to exercise his right to protected FMLA leave and interfered with Plaintiff's FMLA rights and benefits, in violation of the FMLA.

34. As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotion benefits, earnings and earnings potential, loss of potential benefits, and other economic damages, and has also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to reputation.

## COUNT I
## AMERICANS WITH DISABILITIES ACT
## 42 U.S.C. § 12101, *et seq.*
## DISCRIMINATION AND RETALIATION

35. Paragraphs 1 through 34 are hereby incorporated by reference as though the same were fully set forth at length herein.

36. At all times relevant hereto, Plaintiff was an employee within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*.

37. Pursuant to the ADA, Plaintiff is a qualified individual with one or more disabilities.

38. Plaintiff's diabetes and high blood pressure substantially limited his ability to engage in one or more major life activities for an extended period of time.

39. Defendant was aware of Plaintiff's disabilities and need for a reasonable accommodation, his record of impairment, and/or regarded Plaintiff as being disabled within the meaning of the ADA.

40. Plaintiff requested a reasonable accommodation in connection with his disabilities.

41. Despite his disabilities, Plaintiff would have been able to perform the essential functions of his job, with or without a reasonable accommodation.

42. By reasons of the foregoing, Defendant, through its agents, officers, servants, and/or employees, has violated the ADA by terminating Plaintiff's employment because of his actual and/or perceived disabilities, because Defendant regarded Plaintiff as being disabled, for Plaintiff's past record of impairment, and/or in retaliation for Plaintiff's request(s) for reasonable accommodations in connection to his disabilities.

43. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress, damage to reputation, and humiliation.

**WHEREFORE,** as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

D. Pre-judgment interest in an appropriate amount;

E. Such other and further relief as is just and equitable under the circumstances; and

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law.

## COUNT III
## FAMILY AND MEDICAL LEAVE ACT
## 29 U.S.C. § 2601, *et seq.*
## INTERFERENCE AND RETALIATION

44. Paragraphs 1 through 43 are hereby incorporated by reference as if the same were more fully set forth at length herein.

45. Upon information and belief, Defendant employed at least fifty (50) employees within the applicable seventy-five (75) mile radius for each working day in each of twenty (20) or more calendar days in the current or preceding year.

46. Plaintiff was an eligible employee under the FMLA and was thus entitled to twelve (12) weeks of unpaid leave and/or intermittent leave to seek treatment for his serious health condition(s).

47. Plaintiff provided adequate notice to Defendant of his need for medical leave and/or intermittent medical leave by giving notice as soon as he became aware of the need for leave and as soon as was practicable, pursuant to 29 U.S.C. § 2612(e).

48. Defendant willfully violated the FMLA by interfering with and denying Plaintiff FMLA rights and benefits.

49. Defendant willfully violated the FMLA by terminating Plaintiff's employment in retaliation for Plaintiff attempting to exercise his right to protected FMLA leave.

50. The aforementioned actions of Defendant constitute unlawful interference and retaliation under the FMLA.

51. As a result of Defendant's actions, Plaintiff has suffered loss of employment, earnings, raises, and other significant economic benefits.

**WHEREFORE,** as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Liquidated damages;

C. Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount;

E. Such other and further relief as is just and equitable under the circumstances; and

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable law.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: */s/ Mary Kramer*
Mary Kramer, Esq.
1628 John F. Kennedy Blvd., Suite 2000

                                            Philadelphia, PA 19103
                                            Phone: (267) 273-1054
                                            Fax: (215) 525-0210
                                            mkramer@phillyemploymentlawyer.com
                                            *Attorneys for Plaintiff*

Dated: May 1, 2025

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to his potential claims and his claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.